GRIESSEL *v.* QUAGLIA.

1. DAMAGES—PERSONAL INJURIES.

In arriving at amount of damages to be awarded for personal injuries, trial judge is not required to base award upon construction of testimony most unfavorable to plaintiff.

2. SAME—EXCESSIVE AWARD.

Award of $8,000 for personal injuries to man capable of earning $1,800 in unfavorable year, previous to injury, *held,* not excessive, where, after 11 months, he is still able to get about only on crutches, period of his recovery is doubtful, he has suffered, and will continue to suffer, much pain, and he has incurred expense in excess of $1,800 for hospital bills and operations.

Appeal from Wayne; Webster (Arthur), J. Submitted April 20, 1933. (Docket No. 138, Calendar No. 37,207.) Decided June 5, 1933.

Case by Edward Griessel against James Quaglia for personal injuries sustained when struck by defendant's automobile. Judgment for plaintiff. Defendant appeals. Affirmed.

*Rothe & Williamson,* for plaintiff.

*Frederick J. Ward,* for defendant.

NORTH, J. Plaintiff's suit is for damages which he sustained by reason of being struck by an automobile operated by defendant at a time when plaintiff and others were standing in a safety zone in one of the streets of Detroit awaiting an approaching street car, which they were about to board. Upon

trial before the circuit judge without a jury, plaintiff had judgment for $8,000. Defendant has appealed.

Appellant's contention is that the determination of the circuit judge was against the great weight of evidence and the amount of damages awarded excessive. Appellant concedes that plaintiff was free from contributory negligence; and the testimony conclusively shows that defendant was guilty of negligence which resulted in plaintiff's injuries. The only question remaining is whether the damages were excessive.

The parties agree that plaintiff incurred hospital bills amounting to $857 and other incidental expenses totaling $329. Plaintiff was in two different hospitals, underwent a number of operations, and incurred an expense which the trial judge found to be in excess of $1,300. There is testimony from which it appears that plaintiff must still submit to one or more operations. He suffered a compound fracture of both legs. As to the right leg there seems to have been a reasonable degree of recovery, but the testimony of the physicians who attended plaintiff is much in conflict as to the condition of his left leg. Some of the physicians are of the opinion that plaintiff has osteo-myelitis which at the time of the trial was causing a discharge from this injured member. The physicians were not able to fix definitely the period within which plaintiff might hope to recover. One of the physicians testified:

"You cannot tell about osteo-myelitis, before it does clear up; if he gets a complete cure, it will be entirely cured in my opinion, but he may of course get a recurrence of these things. These things recur at times. That is, people go along maybe a year or two and come back with another abscess, and the bone has to be gone into again. That does not happen very often but it does happen. * * * It is difficult

to say how long that condition will continue. Chronic osteo-myelitis is the most chronic of the chronic infections. It is a matter of—well, very fortunate—if they clear up in a year or two. Usually it is three or four, or five, sometimes.''

The trial judge, after seeing plaintiff and hearing the testimony of the respective physicians, stated that in the nature of plaintiff's injury it was impossible ''to even guess at the approximate date'' of recovery.

Plaintiff was a painter by trade, and for many years had been steadily engaged by the employer for whom he was working at the time of the injury. Because he was steady and thoroughly dependable, he seems to have been given higher wages than other employees, and was given a preference in times when work was scarce. In 1931, a year in which conditions were unfavorable to plaintiff's employment, he earned upwards of $1,800. The previous year he earned three to four hundred dollars more. At the time of trial, nearly 11 months after the accident, plaintiff was able to get out only on crutches, and his left leg was at that time in a brace or splints. Up to that time he had sustained loss of earnings and his condition was such that it was fair to infer he would sustain a substantial loss of future earnings; and obviously would be subjected to further expense for medical and surgical attention and hospitalization incident to the one or more operations which there is evidence he must still undergo. The outcome of such operations, while probably favorable, is, to say the least, uncertain. Plaintiff has suffered from pain and inconvenience, and conclusively will continue to do so for a time which of necessity is more or less indefinite. In attempting to establish his claim that the damages awarded are excessive, defendant has presented an argument

based largely, if not wholly, upon a construction of the testimony most unfavorable to plaintiff. In arriving at the amount of damages to be awarded, the trial judge was not required to so interpret the testimony. Careful consideration of the record as a whole discloses no reason why we should minimize the amount of damages awarded by the circuit judge, who not only had an opportunity to observe plaintiff's physical condition, but also had the advantage of observing the respective witnesses in whose testimony there is some conflict.

The judgment is affirmed, with costs to appellee.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.